Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry*
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHE WATSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>AMERICREDIT FINANCIAL SERVICES, INC., a Delaware corporation d/b/a GM FINANCIAL, and GENERAL MOTORS FINANCIAL CO. INC., a Texas corporation d/b/a GM FINANCIAL,<br><br>*Defendants.* | Case No.  **'14CV0476 BEN NLS**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>  **(1) Violations of 47 U.S.C. § 227.**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff Cathe Watson ("Watson") brings this Class Action Complaint ("Complaint") against Defendants AmeriCredit Financial Services, Inc. and General Motors Financial Co. Inc. (collectively, "Defendants" or, referred to in the singular as "GM Financial") to stop their practice of making unauthorized calls to the telephones of consumers nationwide and to obtain redress for all persons injured by their conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. Defendants AmeriCredit and General Motors Financial are the self-proclaimed "leaders in [the] subprime auto finance"[1] industry, providing car loans to hundreds of thousands of consumers throughout the United States.

2. Unfortunately for consumers, once Defendants obtained their telephone numbers, Defendants repeatedly made unauthorized telephone calls to their telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (the "Unauthorized Calls").

3. Defendants did not have consent to place Unauthorized Calls to Plaintiff or the other members of the proposed Class.

4. By making the Unauthorized Calls at issue in this Complaint, Defendants caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unauthorized and harassing telephone calls.

5. The TCPA was enacted to protect consumers from unauthorized telephone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff filed the instant lawsuit seeking an injunction requiring Defendants to cease all unauthorized telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Cathe Watson is a natural person and citizen of the State of Georgia.

---

[1] About Us, http://dealers.americredit.com/about-us.aspx (last accessed March 3, 2014).

7. Defendant AmeriCredit Financial Services, Inc. is a corporation existing under the laws of the State of Delaware with its principal place of business located at 801 Cherry Street, Suite 3500, Fort Worth, Texas 76102. Defendant AmeriCredit conducts business throughout this District, the State of California, and the United States. Further, Defendant AmeriCredit is registered to conduct business in California (entity number C1865227). Defendant AmeriCredit is a wholly owned subsidiary of Defendant General Motors Financial.

8. Defendant General Motors Financial Co. Inc. is a corporation existing under the laws of the State of Texas with its principal place of business located at 801 Cherry Street, Suite 3500, Fort Worth, Texas 76102. Defendant General Motors Financial conducts business throughout this District, the State of California, and the United States.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

10. The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendant AmeriCredit is registered to conduct business in the State of California, and further because Defendants conduct significant business transactions within this District including entering into consumer contracts in this District, collecting payments and debts from consumers located in this District, and making unauthorized telephone calls to consumers located in this District.

**COMMON FACTUAL ALLEGATIONS**

11. GM Financial is one of the largest providers of car loans and automobile financing in the United States.

12. In a supposed effort to remind its customers of upcoming payment deadlines and/or to collect past-due payments, Defendants placed and continue to place repeated and harassing calls—including calls featuring a pre-recorded or artificial voice (commonly known as a "robocall")—to consumers' telephones.

13. Unfortunately, Defendants did not have prior express consent to place the Unauthorized Calls at issue to Plaintiff's and the Class's telephones. That is, members of the Class didn't provide consent to Defendants to make such Unauthorized Calls to their telephones and/or demanded that Defendants stop making such calls to their telephones.

14. Not surprisingly, these unscrupulous practices have led to significant backlash from consumers.[2]

15. As such, Defendants are and were aware that these telephone calls were and are being placed to Plaintiff and members of the Class without their express consent to receive such calls.

**FACTS RELATING TO PLAINTIFF WATSON**

16. Plaintiff Watson has an auto loan held by Defendants.

17. Plaintiff has and continues to receive unwanted telephone calls from Defendants.

18. The Unauthorized Calls placed to Plaintiff's landline telephone featured an artificial or pre-recorded voice system, rather than a live person.

19. On more than one occasion when Plaintiff was able to speak with a live operator, she told Defendants to stop making calls to her, including those featuring an artificial or pre-recorded voice system.

20. Despite the fact that Defendants did not have consent to make telephone calls to Plaintiff after she had revoked any alleged consent, Defendants continued to make Unauthorized Calls to her telephone.

**CLASS ALLEGATIONS**

21. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a class defined as follows:

---

[2] *See, e.g.*, http://www.pissedconsumer.com/reviews-by-company/americredit/americredit-s-program-of-harassing-calls-to-20100416178623.html (last accessed March 3, 2014); http://www.whoscallingnotes.com/listings/americredit/800-304-8519/ (last accessed March 3, 2014); http://800notes.com/Phone.aspx/1-888-994-7861 (last accessed March 3, 2014); http://www.consumeraffairs.com/finance/americredit.htm (last accessed March 3, 2014).

Any person in the United States to whom Defendants (1) placed a call; (2) that featured an artificial or pre-recorded voice; and (3) for whom Defendants did not have a current record of consent to make such a call.

Excluded from the Class are (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendants, and (5) the legal representatives, successors, or assigns of any such excluded person.

22. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendants have made Unauthorized Calls to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendants' records.

23. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendants systematically made calls to Plaintiff and members of the Class that featured an artificial or pre-recorded voice;

(b) whether Defendants systematically made telephone calls to persons without prior express consent to make such calls;

(c) whether Defendants' conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

24. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and Unauthorized Calls.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

26. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have suffered similar harm and damages as a result of Defendants' unlawful and wrongful conduct.

27. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court.

Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

28. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. Defendants made unauthorized telephone calls to Plaintiff and the other members of the Class without their prior express consent.

30. Defendants made unauthorized telephone calls to telephone numbers belonging to Plaintiff and the other members of the Class featuring a pre-recorded or artificial voice.

31. By making unauthorized robocalls utilizing an artificial or pre-recorded voice without prior express consent, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

32. As a result of Defendants' illegal conduct, Plaintiff and the other members of the Class suffered actual damages in the form of monies paid to receive such unauthorized calls and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in statutory damages for each violation of the Act.

33. Should the Court determine that Defendants' misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cathe Watson individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Cathe Watson as the representative of the Class, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants to cease all unauthorized telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**CATHE WATSON**, individually and on behalf of all others similarly situated,

Dated: March 4, 2014   By: /s/ Mark Eisen
    One of Plaintiff's Attorneys

Jay Edelson*
jedelson@edelson.com
Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
J. Dominick Larry*
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

*Pro hac vice application to be filed